**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**LYNN LAWRENCE,**

    **Plaintiff,**

v.                                **CASE NO. 5:12-cv-397-RS-EMT**

**MICHAEL B. DONLEY, in his official
Capacity as SECRETARY of the AIR
FORCE, and LUKE & ASSOCIATES,
INC.,**

    **Defendants.**
_____/

## **ORDER**

Before me are Defendant Michael B. Donley's Motion to Dismiss (Doc. 13), Plaintiff's Response in Opposition (Doc. 20), and Defendant's Reply (Doc. 23).

*Background*

On May 13, 2005, the Air Force Medical Service entered into a contract with Luke & Associates, Inc. ("Luke") to provide health care workers to military treatment facilities, including the optometry clinic at Hurlburt Field. The Air Force paid Luke an hourly rate, but did not determine compensation for the health care workers nor paid them directly. From March or April 2010 until July 25, 2011, Plaintiff was the optometry technician at Hurlburt Field. On July 25, 2011,

Plaintiff was terminated. On May 16, 2012, Plaintiff filed a charge of discrimination with the EEOC.

Plaintiff filed this suit against Defendant Donley and alleged gender discrimination under 42 U.S.C. § 2000e, et seq. and retaliation. Defendant Donley filed a motion to dismiss pursuant to Fed. R. Civ. Pro. 12(b)(1), (2), (5), and (6) because Plaintiff has allegedly failed to provide a basis for subject matter jurisdiction, state a claim upon which relief can be granted, and did not make proper service upon Defendant. Defendant has since withdrawn the insufficient service argument (Doc. 23). Plaintiff argues that exhausting administrative remedies is not jurisdictional, that filing a complaint with the EEOC satisfied the requirement, and that this argument should be considered later in a motion for summary judgment.

Plaintiff argues that he was employed by both the Air Force and Luke. Defendant Donley contends that Plaintiff was never its employee. For purposes of this order, the Court will consider Plaintiff to be a federal employee.

*Analysis*

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of claims if the court lacks subject matter jurisdiction. "It is the plaintiff's burden both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately

challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 287 n. 10 (1938) (citations omitted).

A federal employee alleging discrimination must first seek administrative relief before filing a civil action pursuant to 42 U.S.C. § 2000e-16. *Brown v. Gen. Servs. Admin.,* 425 U.S. 820, 831 (1976). "This requirement is not a technicality; '[r]ather, it is part and parcel of the congressional design to vest in the federal agencies and officials engaged in hiring and promoting personnel primary responsibility for maintaining nondiscrimination in employment." *Ramirez v. Secretary, U.S. Dept. of Transp.,* 686 F.3d 1239, 1243 (11th Cir. 2012). Defendant Donley argues that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust his administrative remedies under 42 U.S.C. § 2000e-16(c). Plaintiff's argument that exhausting administrative remedies is not jurisdictional is simply incorrect. *See Brown*, 425 U.S. 820, 831 ("Attached to that right, however, are certain preconditions. Initially, the complainant must seek relief in the agency that has allegedly discriminated against him."); *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999)("A federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action."); *Shiver v. Chertoff*, 549 F.3d 1342, 1344 (11th Cir. 2008)("Under Title VII…, federal employees are required to initiate administrative review of any

alleged discriminatory or retaliatory conduct with the appropriate agency within 45 days of the alleged discriminatory act…. Generally, when the claimant does not initiate contact within the 45-day charging period, the claim is barred for failure to exhaust administrative remedies.").

Plaintiff's argument that Defendant's motion should be construed as a motion for summary judgment, or that a motion for summary judgment should be filed later, also fails. The Court is considering the motion under Fed. R. Civ. P. 12(b)(1).

> Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). In this case, it is not even disputed that Plaintiff did not file an equal employment opportunity ("EEO") complaint with its agency pursuant to the procedures for federal employees set out in 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.105.

Plaintiff's contends that because Defendant was notified of the EEOC claim that was filed, Defendant was on notice of the claims and this satisfies the exhaustion requirement. Plaintiff relies on *Virgo v. Riviera Beach Associates, Ltd.*, 30 F.3d 1350 (11th Cir. 1994), and *Lewis v. Asplundh Tree Expert Co.*, 402 Fed.

Appx. 454, 456 (11th Cir. 2010). *Lewis* states, "One additional factor sometimes considered by this Court is whether an investigation of the unnamed part 'could have reasonably grown out of [the EEOC] charge." *Id.* (quoting *Hamm v. Members of Bd. of Regents*, 708 F.2d 647, 650 (11th Cir. 1983).

However, *Virgo* and *Lewis* are inapplicable in this case. First, Defendant was named in the EEOC claim. Second, Plaintiff wants to be considered a federal employee, and therefore, must follow different administrative procedures than non-federal employees. Filing an EEOC claim does not allow a federal employee to file a discrimination suit under Title VII against the government. Plaintiff cannot sue the government without its consent because of the doctrine of sovereign immunity. In order for sovereign immunity to be waived, Plaintiff must have exhausted his administrative remedies. *See Misra v. Smithsonian Astrophysical Observatory*, 248 F.3d 37, 39 (1st Cir. 2001)("Congress also outlined, as a condition of this waiver, a series of administrative remedies which a claimant must exhaust before filing suit in federal court."). Additionally, the Supreme Court in *Brown* rejected the argument that complying with 42 U.S.C. § 2000e-5 satisfies the exhaustion requirement of 42 U.S.C. § 2000e-16. *Brown*, 425 U.S. at 833 (stating that Section 2000e-16 "with its rigorous administrative and exhaustion requirements and time limitations, would be driven out of currency were immediate access to the courts under other, less demanding statutes permissible.").

*Conclusion*

Therefore, the relief requested in Defendant Michael B. Donley's Motion to Dismiss (Doc. 13) is **GRANTED**. The claims against Defendant Donley are **DISMISSED**.

**ORDERED** on May 10, 2013.

<u>/S/ Richard Smoak</u>
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**